*Rost*, for the plaintiff, *Morris & Thomas*
for the defendants.

---

### ARPINE'S HEIRS, vs. HARRISON & WIFE.

APPEAL from the court of the seventh district.

The pos-
sessor of land
cannot avail
himself of
prescription,
till the per-
forms the
condition
imposed on
him by the
act under
which he en-
tered.

MATTHEWS, J. delivered the opinion of the
court. This suit is brought to recover from the
defendants, a tract of land, which the plaintiffs
claim as a part of the succession of their ances-
tor. The cause was submitted to a jury in the
court below, who, under a charge from the

judge, found a verdict in favour of the plaintiffs, and judgment having been pronounced, in pursuance of said verdict, the defendants appealed.

The charge of the judge was excepted to by the counsel of the appellees, as having been given contrary to the provisions of the code of practice, by interfering improperly with the facts of the case. We have considered this charge attentively, and are of opinion that it relates to questions of law which would arise out of the facts, according as the jury should find them.

After verdict and judgment, the defendants moved for a new trial on the ground of newly discovered evidence. Affidavits of discovery are frequently made in desperation, and ought to be received under great restrictions. The witnesses must be designated, and a certain and clear knowledge of what they will prove, should be laid before the court, in such a manner as to shew that the testimony expected will be admissible on the pleadings, and pertinent to the issue. In the present case, one of the defendants states in his affidavit, for the purpose of procuring a new trial, that he hopes to prove, by the newly discovered witnesses, that Barney, under whom they claim, had fulfilled

his obligation, arising out of a contract of exchange, which forms the basis of the plaintiff's action; all he professes to know on the subject is derived, not from the witnesses, but from other persons whom he does not name. This affidavit is made, too, for the purpose of procuring proof in direct opposition to the stipulations of the written contract, which recognizes but one mode by which the person, from whom the defendants derive title, could discharge the obligation directly imposed on him by it. We therefore think the judge *a quo* was correct in refusing a new trial.

The answer contains a plea of prescription, founded on a possession of 20 years, the plaintiffs being non-residents of the state. The testimony shows that they have only arrived at the age of majority, one of them nine years since, and the other about five; and during the minority, prescription could not legally run against them, neither could it run against the ancestor until the possessor performed the conditions imposed on him, by the act of sale, which he has not done. The evidence of the case does not support this plea.

The merits of the case depend, principally on the act of exchange between the ancestor of

the plaintiffs and Barney, under whom the defendants claim; and the latter having failed entirely to comply with the conditions of that contract, on their part; and it being shewn by thc evidence that it is now impossible that they ever can, we are of opinion that the verdict and judgment of the court below are correct; by which the contract of exchange was annulled, and the property in dispute, decreed to the plaintiffs.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Downs* for the plaintiff, *Scott* for the defendant.

*Western Dis. Oct.* 1827.

ARPINE'S
HEIRS
*vs.*
HARRISON
& AL.

---

### THOMAS vs. CALLIHAN'S HEIRS.

APPEAL from the court of the sixth district.

MARTIN, J. delivered the opinion of the court. In this case, the plaintiff claims, as transferee of John Stafford, the amount of a judgment which the latter had obtained against the ancestor of the defendants. They oppose, to his right to recover, a plea of *res judicata*; and also compensation, by virtue of a judgment

A judgment of nonsuit forms no *res judicata*.

A *sous seing prive* has no effect on the rights of third parties, till its date be fixed by something *dehors* the instrument.

THOMAS
*vs.*
CALLIHAN'S
HEIRS.

which Leroy Stafford had obtained against the transferor to the plaintiff, three-fourths of which they allege, were regularly transferred to them, or three of them, before any notice was given of the transfer of J. Stafford's judgment against their ancestor.

Leroy Stafford intervened in the cause, and set up a claim to the judgment against Callihan, the ancestor, in consequence of a right acquired under a sheriff's sale, wherein that judgment, or J. Stafford's interest in it, had been seized by virtue of an execution issued at his instance, on the judgment which he had obtained against said John.

The district court rendered judgment in favour of the plaintiff, from which the defendants appealed.

There are two bills of exception in the cause taken by the counsel of the defendants; but as they have no close connection with the principles on which the case must be decided, it is thought needless to notice them.

The claim of the intervener, which seems to be the most formidable, when opposed to that of the plaintiff, so far as it is supported by the seizure and sale of the judgment against Callihan, the ancestor, may be at once dismissed,

as they purport to be of a judgment obtained <span style="float:right">Western Dis.<br>Oct. 1827.</span> in May term, 1824, while it appears that the one really transferred from J. Stafford to the plaintiff, was rendered in November term 1823. This circumstance appears to have escaped the attention, both of the counsel and the court in the former suit between the present parties, which is now pleaded as *res judicata*, a plea which cannot avail the appellants, as judgment of non-suit was pronounced in that case.

THOMAS
vs.
CALLIHAN'S
HEIRS.

Western Dis.
October, 1827.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed, with costs.

*Thomas*, for the plaintiff, *Boyce & Oakley* for the defendants.